Milord A. Keshishian, SBN 197835
MILORD & ASSOCIATES, P.C.
2049 Century Park East, Suite 3850
Los Angeles, California 90067
Tel: (310) 226-7878
Fax: (310) 446-7879
milord@milordlaw.com

Attorneys for Plaintiff
BLUMLUX, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUMLUX, LLC, an Indiana Limited Liability Company, | Case No.: |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | **1. Declaration of Trade Dress Invalidity, Non-Infringement, Unenforceability, and Cancellation of Registrations** |
| Roberto Coin S.p.A., an Italian Joint Stock Company, | **2. Declaration of No Unfair Competition, No Misappropriation of Advertising Ideas, No Trademark Dilution** |
| Defendant. | |
| | **JURY TRIAL DEMANDED** |

Plaintiff Blumlux, LLC ("Blumlux") by and through its undersigned attorneys, sues Roberto Coin S.p.A. ("Roberto Coin"), and alleges:

## THE PARTIES

1.     Blumlux is an Indiana limited liability company having a place of business in Monticello, Indiana and conducts business in Los Angeles, California, including advertising the products at issue from this District.

2.     Upon information and belief, Defendant Roberto Coin is an Italian joint stock company and is the parent company of Roberto Coin, Inc., a Delaware corporation, registered with the California Secretary of State to do business in California.  Roberto Coin operates numerous stores across the country, including California and this District. Further, Roberto Coin operates an e-commerce website located at the <www.robertocoin.com> URL, which distributes products throughout the United States, including California and this District.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over the subject matter of this action pursuant to the trademark laws of the United States, Title 15 U.S.C., and the federal Trademark Act 15 U.S.C. §§ 1125 and 1051 et seq., 28 U.S.C. §§ 1331, 1338(a), and pursuant to the Declaratory Judgment Act 28 U.S.C. §§ 2201(a) and 2202.  This Court also has jurisdiction over this action under 28 U.S.C. § 1332(a), as a matter between citizens of different states in which the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) and (c), because Defendant conducts business in this District, resides in this District, and/or a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTS COMMON TO ALL COUNTS

5.      Blumlux is a designer and creator of jewelry and watches whose jewelry pieces are sold nationally.

6.      In 2015, Blumlux independently created an engagement ring jewelry line ("Blumlux Engagement Rings") inspired by the ancient Egyptian and Asian belief that rubies have special powers, including promoting confidence and empowerment, detoxifying the body, stimulating blood flow and heart rate, increasing sensual pleasures of life, desire, and love.  For millennia, people have used rubies – especially placed against the skin – to benefit from the functional features thereof and to also enjoy the aesthetic functionality from the appearance of red rubies.

7.      To advertise and promote the functional features of the rubies and intertwine these ancient beliefs, Blumlux's advertisements have incorporated the beliefs by placing two rubies on the inside of the engagement ring's shank.  The two rubies are placed at a predetermined distance to rest above the two veins running along the wearer's ring finger and the advertising copy promotes the Vena Amoris (Latin name meaning "Vein of Love") idea and concept.

8.      In between the two rubies, Blumlux prominently and permanently etches its Blumlux trademark to conspicuously notify consumers of the source of the rings, as demonstrated below:



9.      On November 25, 2015, Robert Coin, through its counsel, sent a letter to

**COMPLAINT – Jury Demand**

Blumlux, demanding termination of all advertising and sales of the Blumlux Engagement Rings because it infringed Defendant's purported trade dress and misappropriated Roberto Coin's use of the ruby design and Egyptian and ancient beliefs regarding functional characteristics of rubies incorporated into Blumlux's advertising.  (A true and correct copy is attached hereto as EXHIBIT 1).

10.     Accordingly, Defendant Roberto Coin's threats of trade dress infringement, unfair competition and advertising idea misappropriation, and trademark dilution have created an actual, substantial and justiciable case or controversy between Blumlux and Roberto Coin concerning the right of Blumlux to manufacture and sell the Blumlux Engagement Rings.

11.     As a result of Defendant's fraudulent acts and statements as alleged herein, Blumlux has and continues to suffer substantial injury and damage, and has lost gains, profits and/or advantages, which it would otherwise have obtained, but for Defendant's acts.

<u>COUNT I</u>

**Declaration Of Non-Infringement, Invalidity, Unenforceability, and Cancellation Of Alleged Trade Dress Registration Nos. 2,842,018 and 2,576,874**

12.     Blumlux hereby realleges and incorporates the allegations in paragraphs 1 to 11 of the complaint as if fully set forth herein.

13.     On information and belief, prior to the date of Roberto Coin's purported trade dress adoption as disclosed in U.S. Registration Nos. 2,842,018 and 2,576,874 ("Defendant's Registrations"), third parties developed and first introduced hidden gemstones, including rubies, into the shanks of rings and other jewelry pieces.

14.     On information and belief, the alleged trade dress is used on products offered for sale and sold, and that have long been offered for sale, sold, and are currently being sold, by others in the jewelry and design industry.

15.     Upon information and belief, Defendant does not have any valid proprietary trademark rights to the trade dress shown in Defendant's Registrations for the

configuration of a hidden gemstone in the shank of a jewelry product because it is functional and Defendant has touted the functional advantages of this configuration in its advertising and promotion, including the usurpation thereof from ancient Egyptian beliefs and designs.

16.     On information and belief, the alleged trade dress does not include protectable trade dress, it is not inherently distinctive, has not acquired secondary meaning, and is not even visible when worn by a consumer because it is "hidden," and, therefore, cannot function as a source indicator.

17.     Blumlux does not infringe, and has not infringed, any protectable trade dress rights of Roberto Coin in the alleged trade dress, which is usually displayed along with Roberto Coin's word mark or other source indicators, as demonstrated below:



18.     Defendant's alleged trade dress does not constitute a valid and protectable trademark because the ornamental and decorative product features do not serve as a

source identifier for Roberto Coin, and if enforced, would "put competitors at a significant, non-reputation-related disadvantage." *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1258 (9th Cir. 2001) (internal quotation marks omitted).

19.     On information and belief, Mr. Roberto Coin himself has admitted to adopting "the ruby against the skin" functional jewelry design and advertising idea from ancient Egypt and the Pharaohs.

20.     Indeed, Roberto Coin's website espouses the functional feature of the jewelry design and the advertising idea, as follows:

> Considered the King of Gemstones, the ruby has always been surrounded by a halo of legend according it magic powers, such as the ability to bring peace and promote a long life, blessed with health and happiness.  In ancient times, women thought rubies brought fertility, while Burmese warriors inserted real rubies under their skin to protect themselves from injury in battle.  In 1996, Roberto Coin started signing the jewels of his iconic Appassionata Collection by setting a small ruby on the inside, hidden, so that the skin could be in direct contact with the gem.  Since then, this tradition has been perpetuated in all Roberto Coin collections, to the extent that it has become the exclusive signature of every jewel of the brand.  The ruby is dedicated to every woman wearing and loving one of Roberto Coin's exclusive creations, as a secret gift of good wishes.

21.     The Blumlux Engagement Rings with two rubies inside the shank are not likely to be confused as to the source, origin, and/or sponsorship with Defendant's Registrations because, *inter alia,* the obvious differences in appearance between Plaintiff's two ruby design elements, that the parties incorporate different markings on their respective products, the differences in marketing channels through which each party's products are respectively sold, the expensive nature of Defendant's products, and the absence of any evidence of actual confusion in the marketplace.

22.     Pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, this Court is empowered to order cancellation of trademark registrations in any civil action in which the validity of the mark is placed in issue.

23.     Pursuant to Section 14 of the Lanham Act, 15 U.S.C. § 1064(3), a registered mark may be cancelled at any time if the registered mark is functional.

24.     Blumlux respectfully submits that it is entitled to a declaration from this Court that Blumlux has not infringed any protectable trade dress right by advertising or

selling the Blumlux Engagement Rings; Defendant has no rights in the alleged trade dress as it is functional, that Defendant has no valid protectable rights to Defendant's Registrations, and that said registrations should be cancelled; Defendant is barred from asserting any claim for infringement of the alleged trade dress against Blumlux; and Blumlux has not engaged in unfair competition or false designation of origin.

## COUNT II

### DECLARATORY JUDGMENT OF NO TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, MISAPPROPRIATION OF ADVERTISING IDEAS, OR DILUTION UNDER 28 U.S.C. §§ 2201 *et seq.* AND 15 U.S.C. § 1125

25.    Blumlux hereby realleges and incorporates the allegations in paragraphs 1 to 24 of the complaint as if fully set forth herein.

26.    Blumlux asserts that it is entitled to a declaratory judgment that Defendant does not own a famous mark for any alleged trade dress in a single ruby hidden inside a shank, nor does Defendant own any famous mark such that Blumlux's sale of the Blumlux Engagement Rings would purportedly dilute any alleged right of Defendant.

27.    Blumlux asserts that it is entitled to a declaratory judgment that Defendant does not have any valid, protectable proprietary rights to the trade dress configuration of a single hidden ruby inside the shank of a piece of Jewelry and that Blumlux's marketing, promotion, and sale of the Blumlux Engagement Rings with two rubies inside the shank does not constitute trademark or trade dress infringement, false designation of origin or false advertising, or misappropriation of advertising ideas, or unfair competition under Section 43 of the Lanham Act, 15 U.S.C. § 1125, or at common law.

28.    The Blumlux Engagement Rings with two rubies inside the shank are not likely to be confused as to the source, origin, and/or sponsorship with Defendant's alleged trade dress configuration of a single ruby hidden inside a shank because, *inter alia,* the obvious differences in appearance between Plaintiff's two ruby design elements,

1   that the parties incorporate different markings on their respective products, the

2   differences in marketing channels through which each party's products are respectively

3   sold, the expensive nature of Defendant's products, and the absence of any evidence of

4   actual confusion in the marketplace.

5          29.    Defendant's alleged trade dress configuration of a single ruby inside a shank

6   is functional in all respects, and is not, and cannot, be inherently distinctive and cannot

7   function as a source indicator.

8          30.    Upon information and belief, Roberto Coin's idea of advertising its products

9   with a ruby in contact with the skin was derived from the functional beliefs of Egyptians

10  and other ancient cultures.  In an interview with JCK, when asked about the origin of his

11  advertising idea for using a ruby inside the jewelry, Mr. Coin admitted: "I was reading a

12  historic book and an old Egyptian legend took my attention.  It talked about ancient

13  pharaohs considering the ruby as a magic stone, able to provide health, happiness, and

14  long life to those who kept it in contact with their skin."

15         31.    Indeed, Roberto Coin's website espouses the functional feature of the

16  jewelry design and the advertising idea, as follows:

17

18         Considered the King of Gemstones, the ruby has always been surrounded by
           a halo of legend according it magic powers, such as the ability to bring peace
19         and promote a long life, blessed with health and happiness.  In ancient times,
           women thought rubies brought fertility, while Burmese warriors inserted real
20         rubies under their skin to protect themselves from injury in battle.  In 1996,
           Roberto Coin started signing the jewels of his iconic Appassionata
21         Collection by setting a small ruby on the inside, hidden, so that the skin
           could be in direct contact with the gem.  Since then, this tradition has been
22         perpetuated in all Roberto Coin collections, to the extent that it has become
           the exclusive signature of every jewel of the brand.  The ruby is dedicated to
23         every woman wearing and loving one of Roberto Coin's exclusive creations,
           as a secret gift of good wishes.

24         32.    On information and belief, Roberto Coin's generic and functional

25  advertising idea is further disseminated by its retailers.  For example Radcliffe Jewelers'

26  website asserts: "In 1998, a hidden ruby was added to sign each Roberto Coin collection

27  piece as an original.  An ancient Egyptian legend reveals that a ruby touching the skin of

28  a woman brings great happiness and good fortune…A ruby is always positioned closest

to the skin in keeping with the ancient Egyptian legend symbolizing prosperity, beauty, happiness and health."

33.    Based on the beliefs assigned to rubies by ancient cultures and civilizations and the public domain use of gemstones by third parties and competitors, Blumlux has not unfairly competed or misappropriated Roberto Coin's advertising idea of incorporating rubies into the shank of the ring to rest on the skin of the wearer.

34.    Based on the beliefs assigned to rubies by ancient cultures and civilizations and the public domain use of gemstones by third parties and competitors, Blumlux has not unfairly competed or misappropriated Roberto Coin's advertising idea by advertising: "Featuring red rubies set inside the ring, an homage to the origins of marriage" along with an image of a Blumlux ring with two visible rubies.

35.    Based on the beliefs assigned to rubies by ancient cultures and civilizations and the public domain use of gemstones by third parties and competitors, Blumlux has not unfairly competed or misappropriated Roberto Coin's advertising idea by advertising: "Ancients, kings & queens believed red rubies to be the most valuable & sought after precious stones, even over diamonds. A sign of passion and faithful love, rubies were considered to be the perfect wedding stone.  For centuries, spiritual healers have also coveted the precious stone for stimulating "chi" (the life-force energy) throughout the physical body. It initiates the sensual pleasures of life and increases desire. Rubies stir blood and stimulate the heart. It is useful for stimulating good circulation, detoxifying the body, and promotes confidence and empowerment" along with an image of a Blumlux ring with two visible rubies.

36.    Accordingly, Blumlux is entitled to a declaratory judgment that Roberto Coin's purported trade dress configuration of hiding a ruby inside a jewelry piece to touch the wearer's skin – as admittedly copied from ancient civilizations and currently ubiquitously used by third parties – is functional, that Roberto Coin has no valid protectable rights to the purported trade dress, that Blumlux has not infringed or diluted any of Defendant's purported trademark or trade dress rights, and that Blumlux has not

misappropriated any of Roberto Coin's advertising ideas in promoting, advertising, and selling the Blumlux Engagement Rings.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Blumlux prays for judgment against Defendant Roberto Coin as follows:

A.     For a declaration from this Court that the Defendant has no valid, protectable proprietary rights in the alleged trade dress, which is invalid, unenforceable, generic, descriptive, functional, ornamental and/or decorative, and that Defendant was not the first to use the alleged trade dress and not the exclusive user of the purported trade dress;

B.     A declaration that Blumlux's marketing, advertising, promotion, and sale of the Blumlux Engagement Rings has not infringed Defendant's purported trade dress rights in Defendant's Registrations;

C.     Cancellation of U.S. Registration Nos. 2,842,018 and 2,576,874;

D.     A declaration that Blumlux's advertising, marketing, promotion, and sale of the Blumlux Engagement Rings does not constitute trademark or trade dress infringement, false designation of origin or false advertising, or the misappropriation of Defendant's advertising idea, or unfair competition under Section 43 of the Lanham Act, 15 U.S.C. § 1125, or at common law;

E.     A declaration that Blumlux's advertising, marketing, promotion, and sale of the Blumlux Engagement Rings does not dilute any alleged famous mark owned by Defendant;

F.     For an injunction preventing any further interference with Blumlux, its customers, manufacturers, retailers and suppliers;

G.     For costs of suit incurred, including, but not limited to reasonable attorneys' fees;

/ / /

/ / /

1         H.    That this Court grant such other and further relief that it deems just and

2    proper.

3

4    Dated:  December 4, 2015              Respectfully submitted,

5

6                            **MILORD & ASSOCIATES, P.C.**

7                            /s/ Milord A. Keshishian

8                            Milord A. Keshishian

9                            Attorneys for Plaintiff
                                    BLUMLUX, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT – Jury Demand**

**DEMAND FOR JURY TRIAL**

Plaintiff, through its attorneys of record, hereby demands trial by Jury.


Dated:  December 4, 2015                **MILORD & ASSOCIATES, P.C.**


/s/ Milord A. Keshishian
Milord A. Keshishian
Attorneys for Plaintiff
BLUMLUX, LLC

**COMPLAINT – Jury Demand**